IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS ALLEN HAZZARD,

      Plaintiff,

vs.                                                                                         Civ. No. 09-495 MV/RHS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

      1.  This matter comes before the Court on consideration of Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum ("Motion") **[Doc. No. 17]**, filed November 10, 2009.  Plaintiff, Thomas A. Hazzard, seeks judicial review of the final decision of the Commissioner of Social Security denying his application for Supplemental Security Income benefits ("SSI").  The Appeals Council denied Plaintiff's request for review of the ALJ's decision.  (Administrative Record ("AR") at 3).  Thus, the Commissioner's decision became final.

      2.  On April 27, 2006, Plaintiff applied for SSI alleging a disability beginning on November 1, 2002 due to "back and left knee problems."  (AR at 12, 91).  Plaintiff contends that his ability to work is limited because he "can't stand for long periods of time . . . . can't lift . . . . [and] can't sit for periods of time."  (AR at 95).  Plaintiff was born on July 29, 1965, completed twelfth grade,[1] and attended vocational training through the Department of Vocational

---

[1] Although the Disability Report - Adult - Form SSA-3368 indicates that Plaintiff completed twelfth grade, Plaintiff testified at his hearing that he dropped out of twelfth grade and did not obtain a high school equivalent or GED.  (AR at 100, 409-10).

Rehabilitation.  (AR at 19, 100, 411).  Plaintiff has worked in the past as a delivery driver, construction worker, lot attendant and janitor.[2]  (AR at 96).

    3.   The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence.  Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  Id. (citation omitted).  An ALJ's decision is "evaluated based solely on the reasons stated in the decision," without engaging in a "post hoc effort to salvage" it.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004) (cited in Hunter-Hendrix v. Astrue, 2010 WL 299258, at *4 (10th Cir. Jan. 27, 2010) (slip copy)).

    4.   "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  Thompson, 987 F.2d at 1486 (citing 42 U.S.C. § 423 (d)(1)(A)); see also 42 U.S.C. § 1382c(a)(3)(A).  Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  Id. (citations omitted).

    5.   At the first four levels of the evaluation, the claimant must show:  (1) that he is not working; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he is unable to perform work done

---

[2]At his hearing, Plaintiff testified that he continues to work as a janitor on a part-time basis.  (AR at 411-13 (indicating that he works 3 to 3 1/2 hours a day, five days a week)).

in the past.  At the fifth step, the Commissioner must produce evidence regarding the claimant's ability to perform other work.  Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988).

      6.  At step one, the ALJ found that Plaintiff "had not engaged in substantial gainful activity since the application date of April 27, 2006."  (AR at 14 ¶ 1.).  At step two, the ALJ found that Plaintiff "has the following severe impairments: spinal impairment, left knee impairment, major depressive disorder and borderline personality disorder."  (AR at 14 ¶ 2.).  At step three, the ALJ determined that Plaintiff did not have "an impairment or combination of impairments that meets or medically equals one of the listed impairments."  (AR at 14 ¶ 3.).  At step four, the ALJ found that Plaintiff did not have any past relevant work, because his previous jobs "were not performed at the SGA level."  (AR at 19 ¶ 8.).  At step five, the ALJ concluded that Plaintiff was not disabled, because he "has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy."  (AR at 20).

      7.  Plaintiff raises the following allegations of error with respect to the ALJ's decision: (I) the ALJ's RFC finding is unsupported by substantial evidence and is contrary to law, (II) the ALJ's reliance on the Vocational Expert's ("VE's") testimony was contrary to law, and (III) the ALJ's credibility finding is contrary to substantial evidence.  (See Motion at 3, 8, 10).

      *(I) - the ALJ's RFC finding*

      8.  At step four, the ALJ determined that Plaintiff has the RFC "to perform a limited range of medium work of a simple unskilled nature, can frequently climb ramps and stairs, occasionally climb ladders/ropes/scaffolds; frequently balance, stoop, kneel, crouch and crawl; can understand, remember and carry out simple instructions [and] make simple decisions, attend and concentrate for two hours at a time, can interact adequately with co-workers and supervisors and he can respond appropriately to routine changes in the work setting."  (AR at 15 ¶ 4.).

9. "The regulations define medium work as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds." Social Security Ruling ("SSR") 83-10; 20 C.F.R. § 416.967(c). "The considerable lifting required for the full range of medium work usually requires frequent bending-stooping (Stooping is a type of bending in which a person bends his or her body downward and forward by bending the spine at the waist.) Flexibility of the knees as well as the torso is important for this activity. (Crouching is bending both the legs and spine in order to bend the body downward and forward.)" SSR 83-10. "In most medium jobs, being on one's feet for most of the workday is critical. Being able to do frequent lifting or carrying of objects weighing up to 25 pounds is often more critical than being able to lift up to 50 pounds at a time." SSR 83-10.

10. Following a consultative examination on August 19, 2006, Greg McCarthy, M.D., opined that Plaintiff "would have some difficulties in lifting more than 10 pounds on an occasional basis, [and] bending, stooping and crouching if accompanied by lifting weights." (AR at 221). Dr. McCarthy's opinion of Plaintiff's abilities differs from those of other medical sources and, if accepted, would effectively preclude Plaintiff from engaging in medium level work. However, the ALJ did not explain why he apparently disregarded or rejected Dr. McCarthy's opinion.[3] Indeed, the ALJ's decision contains no mention of Dr. McCarthy's opinion or report whatsoever.

---

[3]In addition, while the ALJ cited to a Functional Capacity Evaluation performed by a physical therapist ("PT") on November 30, 2005 as evidence supporting his RFC finding, (AR at 18), he did not explain why he apparently rejected the PT's opinion that Plaintiff's restrictions include "no frequent bending . . . . kneeling, crawling, and squatting," (AR at 309, 311).

11.  It is "clear legal error" to ignore a medical opinion.  Victory v. Barnhart, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4, 2005) (unpublished) (citing 20 C.F.R. § 416.927(d); other citations omitted).  "An ALJ is required to evaluate every medical opinion in the record, giving varying weight to each opinion 'according to the relationship between the disability claimant and the medical professional.'" Hunter-Hendrix, 2010 WL 299258, at *4 (quoting Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004).  Here, "the ALJ's failure to mention . . . [Dr. McCarthy] or his records *at all* violates the Commissioner's own directives with regard to" evaluating medical opinions.  Lackey v. Barnhart, 127 Fed.Appx. 455, 458, 2005 WL 758797, at **3 (10th Cir. Apr. 5, 2005) (unpublished) (italics in original).  Finally, the failure to explain his apparent rejection of Dr. McCarthy's opinion prevents the Court from meaningfully reviewing the ALJ's finding on this issue.  See Drapeau v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001).

12.  The failure to consider medical opinion evidence is legal error.  In addition, because the ALJ did not address the medical opinion of Dr. McCarthy regarding Plaintiff's abilities, the Court is unable to determine that the ALJ's RFC finding is supported by substantial evidence.  Accordingly, this civil proceeding should be remanded for further proceedings, to include the proper consideration of the available medical evidence.  Because this matter should be remanded for further proceedings on this issue, the Court need not address Plaintiff's remaining allegations of error.

*Conclusion and Recommendation*

The Court concludes that the ALJ erred in failing to address the medical opinion evidence of Dr. McCarthy and, as a result, is unable to determine that the RFC finding is supported by substantial evidence.  Accordingly, the Court respectfully recommends that Plaintiff's Motion **[Doc. No. 17]** be **granted** and this civil proceeding be **remanded** to the

Commissioner for further proceedings, to include the proper consideration of medical opinion evidence. On remand, the Commissioner should conduct further proceedings as necessary, following the consideration of the medical evidence. In recommending remand, the Court does not intend to direct any particular result with respect to the Commissioner's ultimate determination on the issue of whether Plaintiff is disabled. Timely written objections to the foregoing proposed findings and recommended disposition may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE